JUAN BAUTISTA MONTALVO BENÍTEZ y MARCELINO PÉREZ SÁNCHEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1181.—*Sometido:* Febrero 18, 1946. *Resuelto:* Marzo 21, 1946.

*José Veray, Jr.,* y *Héctor Reichard,* abogados de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura de 30 de diciembre de 1927 ante el notario Valentín Alvarez Olmedo, Juan Bautista Montalvo y Benítez, siendo mayor de edad, soltero y vecino de San Sebas-

tián, reconoció adeudar a Mariano R. Acosta la cantidad de $500 que se obligó a pagar el 30 de junio de 1928, con intereses al 1 por ciento mensual. En garantía de esa deuda y de un crédito adicional de $100 para costas, gastos y honorarios de abogado en caso de reclamación judicial, el deudor constituyó hipoteca a favor de su acreedor Acosta sobre la finca rústica núm. 4001 radicada en el barrio Pozas de San Sebastián. Posteriormente, por escritura 132 otorgada en Aguadilla el 26 de octubre de 1931 ante el notario Francisco A. González Suárez, el expresado Mariano R. Acosta y su esposa prorrogaron el pago de la referida hipoteca, obligándose el deudor a satisfacerla en la siguiente forma: $250 en el mes de marzo de 1932 e igual cantidad en el mismo mes del siguiente año, devengando intereses dicha suma a razón de 1 por ciento mensual desde la fecha de la prórroga, pagaderos con cada plazo. Pero para asegurar los $500 de principal, sus intereses y la suma adicional antes mencionada que ya habían sido garantizados con la finca rústica del barrio Pozas de San Sebastián de que hemos hecho referencia, se extendió también la hipoteca sobre otra finca rústica, la núm. 3468 propiedad del deudor Sr. Montalvo, radicada en el barrio Hato Arriba de San Sebastián. Se consignó en la escritura de prórroga de hipoteca que la finca del barrio Pozas, que antes respondía de la totalidad del crédito, solamente garantizaría $100 de principal, intereses y el crédito adicional de $100; y que la radicada en el barrio Hato Arriba respondería de $400 de principal con sus intereses. Presentada esta escritura de prórroga al Registro, se incurrió en el error [1] de invertir las responsabilidades de cada finca, de suerte que la radicada en el barrio Pozas, que según la escritura de prórroga, debería responder de $100 de principal con sus intereses y los $100 del crédito adicional, garantizó según el Registro, $400 de principal con sus intereses; y la radicada en el Barrio Hato Arriba, que según la

---

[1] Este error no fué cometido por el actual Registrador.

escritura debería garantizar $400 de principal, solamente aseguró, según el Registro, $100 de principal con intereses y el crédito adicional.

Después de haber quedado así inscrita la hipoteca, tres parcelas fueron segregadas de la finca radicada en el barrio Hato Arriba, las cuales fueron vendidas a tres distintas personas y al inscribirse las ventas se consignó en el Registro que cada una de las parcelas, como parte que eran de la finca del barrio Hato Arriba, estaban afectas a la hipoteca de $100 de principal y $100 de crédito adicional. Así las cosas, el acreedor Mariano R. Acosta y su esposa comparecieron ante el notario Héctor Reichard y por escritura de 10 de noviembre de 1945, confesaron haber recibido de Marcelino Pérez Sánchez, dueño de una de las parcelas segregadas, la cantidad de $100 de principal de que, según el Registro, respondía la finca radicada en el barrio Hato Arriba, otorgándole carta de pago y consintiendo que la hipoteca fuese totalmente cancelada en cuanto a la referida finca de Hato Arriba, pero manifestando que la finca radicada en el barrio Pozas, seguiría respondiendo, conforme aparecía del Registro, de la cantidad de $400 de principal y sus intereses.

Presentada esta escritura para su inscripción, el Registrador denegó la cancelación de la hipoteca. Fundó su nota en que, según él, la causa o consideración para cancelar la hipoteca consistió, no sólo en el pago de $100 de que según el Registro respondía la finca del barrio Hato Arriba, sí que también en dejar subsistente la hipoteca que por $400 gravaba la finca del barrio Pozas, según equivocadamente constaba del Registro. Entendió el Registrador que de esa forma el acreedor hipotecario estaba ratificando el error en que se había incurrido en el Registro, sin que en esa ratificación tomase parte el dueño de la finca del barrio Pozas, Juan Bautista Montalvo.

■■ Es incuestionable que apareciendo del Registro que la finca del barrio Hato Arriba estaba afecta a una hipoteca por $100 de principal, y constando ese gravamen inscrito cuando adquirió su parcela Marcelino Pérez Sánchez, sin que conste que éste tuviese conocimiento personal del indicado error, al él dar al acreedor la cantidad de $100 y los intereses adeudados, tenía derecho a exigirle la cancelación total de la hipoteca sobre la finca de Hato Arriba. No podía Acosta, en cuanto a Pérez, dadas las circunstancias expresadas, alegar el error del Registro ni podía exigirle, como no lo exigió, ninguna prestación adicional como condición para otorgarle la escritura de cancelación. El hecho de que el acreedor Acosta, por su sola cuenta, sin el concurso de Juan Bautista Montalvo, manifestase en la escritura que la finca radicada en el barrio Pozas continuaba afecta a una hipoteca por $400, no podía tener efecto legal alguno, ni variaba lo que aparecía del Registro. Consecuentemente el Registrador debió considerar esa manifestación de Acosta como superflua y no practicar ningún asiento en cuanto a la misma.

*Procede, por lo expuesto, revocar la nota recurrida y ordenar al Registrador que proceda a inscribir la cancelación solicitada.*